United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41088
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JUAN MANUEL PENA,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-75-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Juan Manuel Pena appeals the 51-month sentence imposed

following his guilty-plea conviction for conspiracy to possess

with the intent to distribute more than 100 kilograms of

marijuana, in violation of 21 U.S.C. §§ 841 and 846.  He argues,

for the first time on appeal, that in light of Apprendi v. New

Jersey, 530 U.S. 466 (2000), the drug-trafficking statutes under

which he was convicted are facially unconstitutional because they

treat drug type and quantity as sentencing factors rather than

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

elements of the offense which must be pleaded and proved beyond a reasonable doubt.  As Pena concedes, his argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

In a supplemental letter brief, Pena additionally argues, also for the first time on appeal, that his sentence should be vacated because it was imposed pursuant to a mandatory application of the sentencing guidelines, citing United States v. Booker, 125 S. Ct. 738 (2005).  This argument is reviewed for plain error.  United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556); see also United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  To demonstrate plain error, Pena must show "(1) error, (2) that is plain, and (3) that affects substantial rights." Mares, 402 F.3d at 520.  Following Booker, a sentence imposed under the formerly mandatory, now advisory, guidelines regime constitutes an error that is plain.  Valenzuela-Quevedo, 407 F.3d at 733.  However, Pena has not demonstrated a probability that he would have received a lower sentence under an advisory scheme, and he has thus failed to demonstrate that the error affected his substantial rights.  See id. at 733-34; see also Mares, 402 F.3d at 521.  Accordingly, the district court's judgment is AFFIRMED.